UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81522-CIV-MARRA

JOAN GALISON,

    Plaintiff,

vs.

FIREMAN'S FUND
INSURANCE COMPANY,
a foreign insurance
corporation,

    Defendant.
_____/

## ORDER AND OPINION DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon the Defendant's Motion to Dismiss First Amended Complaint, or in the Alternative, For More Definite Statement [DE 11]. The Court has carefully considered the motion and response, and is otherwise fully advised in the premises. No reply was submitted.

After her initial complaint was dismissed without prejudice (for improperly intertwining two causes of action in a single count), Plaintiff Joan Galison ("Plaintiff" or "Galison") filed a First Amended Complaint for Declaratory Judgment and Breach of Contract Damages Against Defendant [DE 8]. Defendant Fireman's Fund Insurance Company ("Defendant" or "FFIC") now moves to dismiss the First Amended Complaint arguing that it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, FFIC asks that the Court require Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) asserting the

First Amended Complaint is too vague and ambiguous for FFIC to frame a response. Specifically, FFIC complains that "[t]he First Amended Complaint does not provide any facts or cite to any policy language that would explain *why this alleged [property] damage [from Hurricane Wilma] would be covered under this policy* or even the timing of when she notified FFIC that the damage would exceed her deductible." DE 11 at 4 (emphasis in original). FFIC also complains that the complaint does not describe what was damaged. DE 11 at 5. Essentially, Defendant is arguing that Plaintiff has not alleged sufficient facts to apprise Defendant about the nature of the lawsuit so that it can properly mount a defense. The Court rejects Defendant's assertions.

**Standard of Review**

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true" *Twombly*, 550 U.S. at 555 (citations omitted).  Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570).

### Discussion

Plaintiff's Amended Complaint makes the following allegations:

FFIC provided coverage to Plaintiff under policy number NZ01130712, and a certified copy of the policy, including the date of loss, is in the exclusive control and possession of the Defendant.  Compl. ¶ 6.  At a minimum, the Homeowner's Policy provided dwelling coverage, including windstorm coverage for Plaintiff's dwelling located at 17119 Whitehaven Drive, Boca Raton, Florida.  Compl. ¶ 7.  Gallison sustained windstorm and other damage to the insured dwelling on or about October 24, 2005.  Compl. ¶ 8.  Plaintiff contacted FFIC but was advised the property damage she described likely did not meet her deductible.  *Id*.  FFIC never sent an adjuster or engineer to inspect the damages.  Compl. ¶ 13.  Pursuant to the terms and conditions

of the policy and Florida law, after Plaintiff notified FFIC of the damage, it had an express duty to assess the claimed damages.  Compl. ¶ 21.  FFIC breached the terms and conditions of its insuring policy when it failed to investigate Plaintiff's claim.  Compl. ¶ 22.  Galison recently engaged the services of The Adjusters Group ("TAG") to review and inspect her roof and other interior damage.  TAG has concluded that more than 25% of the roof area was damaged and more likely than not by Hurricane Wilma and hurricane force winds.  Compl. ¶ 9.  Galison notified FFIC of her property damage immediately upon learning that her damage was much more extensive than previously known.  *Id*.  Galison paid the required premium and FFIC has a duty to provide coverage and pay her claim.  Compl. ¶ 14.  "An actual controversy of a judicial nature exists between the parties regarding FFIC's obligation to cover windstorm damages under the policy.  The resolution of this controversy is dependent upon an analysis of the insurance policy issued by FFIC."  *Id*.

  As it relates to the declaratory action, Plaintiff has alleged sufficient facts to permit the Defendant to understand that Plaintiff is seeking a determination of her rights under the insurance policy, and whether the windstorm damage from Hurricane Wilma is covered under the policy.  As it relates to the breach of contract claim, Plaintiff has sufficiently plead the elements for such a cause of action including (1) the existence of a valid contract between the parties; (2) a material breach (failure to timely investigate); and (3) damages (more than 25% of roof, having to hire an attorney).  See Compl. ¶ 21-23.  The Amended Complaint adequately states a facially

plausible breach of contract claim, and that an actual controversy exists between the Plaintiff and Defendant as to the parties' respective rights, duties and amount of damages under the policy.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss First Amended Complaint, or in the Alternative, For More Definite Statement [DE 11] is DENIED in all respects.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of August, 2011.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record